**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000113**
**29-MAR-2018**
**10:06 AM**

NO. CAAP-18-0000113

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Appellee,
v.
MAHEALANI HANIE-GRACE, Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(BBRA NO. 50-0028031)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over pro se Appellant Mahealani Hanie-Grace's ("Hanie-Grace") appeal in appellate court case number CAAP-18-0000113, apparently from her alleged arrest on February 22, 2018, because Hanie-Grace is not appealing from any existing district court case involving her, much less a final judgment or final order. Hanie-Grace alleges she has been ordered to appear in district court in Lihue, Kauai.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016).

The statute governing appeals from district court criminal cases is HRS § 641-12(a) (2016), which provides that "[a]ppeals upon the record shall be allowed from all final

decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure.

The statute governing appeals from district court civil cases is HRS § 641-1(a) (2016), under which

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added).

Regardless whether Hanie-Grace's alleged facts will result in her becoming a named party in a criminal case or a civil case, a final judgment or final order that reflects the district court's final decision is a prerequisite for appellate review. In the instant appeal, there is no evidence that Hanie-Grace is a named party in any current district court case, nor is there evidence of a final judgment or final order in a currently existing case that reflects a final decision by the district court that aggrieved Hanie-Grace. Therefore, Hanie-Grace's notice of appeal is jurisdictionally defective under these circumstances.

In the absence of an appealable final judgment or order, we lack appellate jurisdiction, and Hanie-Grace's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000113 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 29, 2018.

Presiding Judge

Associate Judge

Associate Judge